## Agreement between
## Cibola County, New Mexico
## and
## Corrections Corporation of America

THIS Agreement is made and entered into by and between Cibola County (the County), a political subdivision of the State of New Mexico and Corrections Corporation of America (CCA), a Maryland corporation with its principal offices located at 10 Burton Hills Boulevard, Nashville, Tennessee 37215.

WHEREAS, the County intends to enter into an Intergovernmental Service Agreement (IGSA) with the United States Immigration and Customs Enforcement (ICE), a copy of which is attached hereto as Exhibit A;

WHEREAS, CCA owns the Cibola County Correctional Center in Milan, New Mexico (Facility) and desires to house federal inmates at the Facility pursuant to the IGSA;

WHEREAS, the County desires CCA to house federal inmates at the Facility pursuant to the IGSA; and

WHEREAS, the County will benefit from CCA's housing of the government's inmates at the Facility through the creation of jobs and the payment of applicable property taxes.

WHEREAS, this Management Agreement is subject to NMSA 1978, Section 13-1-98(M).

NOW, THEREFORE, in consideration of the mutual promises and covenants contained herein, CCA and the County hereby agree as follows:

1. The County shall enter into the IGSA with ICE, and the County may enter other/additional IGSAs for services to be provided at the Facility, subject to CCA's advance written approval.

2. The County shall place federal inmates at the Facility as directed by the applicable federal entity pursuant to the attached IGSA.

3. For every federal inmate accepted into custody at the Facility, CCA shall provide services in compliance with the terms of the applicable IGSA, which shall be appended to and incorporated into this Agreement.

4. The County will not amend or otherwise change the terms of the IGSA without the advance written approval of CCA. CCA is not obligated to house inmates at the Facility if the IGSA is changed without its written approval.

Exhibit 2

5. Should CCA desire to seek an increase in per diem from the federal government under the IGSA, CCA shall provide all documentation necessary and appropriate to that effort, and the County shall provide all necessary and reasonable cooperation in the pursuit of the increase. Any such increase in per diem rests in the sole discretion of the federal government.

6. CCA shall indemnify, defend and hold harmless the County and its officers and employees from liability and any claims suits, judgments and damages to the extent such claims, suits, judgments and damages arise from the performance of the specific duties outlined in this Agreement. Nothing herein shall be construed to require CCA to defend or indemnify any party for any claims, lawsuits, damages, expenses, costs or losses arising from any Habeas Corpus action or other action challenging the validity of a conviction or sentence.

7. The County shall pay CCA all funds received pursuant to the IGSA within 10 working days of the County's receipt of the funds from the government, less an administrative fee of $0.50 per day per inmate. CCA agrees to submit the necessary documentation for payment as set forth in the IGSA. The County will not be responsible for payment of funds owed but not rendered by the federal government.

8. The term of this Agreement shall commence on date of the last signature and run concurrent with the term of the IGSA unless otherwise terminated as provided herein.

9. Either party may terminate this Agreement for convenience on sixty (60) days written notice to the other party.

10. The failure of performance of any of the terms and conditions of the Agreement resulting from causes beyond the control and without fault or negligence of the parties, including but not limited to acts of God, war, civil insurrection or riot, shall not be a breach.

11. The provisions of this Agreement are for the sole benefit of the parties hereto and shall not be construed as conferring any rights on any other person or entity, including but not limited to, inmates held pursuant to the IGSA.

12. This Agreement shall be interpreted under the laws of the State of New Mexico. Venue shall be in the 13th Judicial District Court, County of Cibola. Neither party shall be responsible for the attorneys' fees of the other.

13. This Agreement shall not be altered, changed or amended except in writing

signed by both parties.

14. This Agreement incorporates all the agreements, covenants and understandings between the parties. No prior contract or understandings, verbal or otherwise, of the parties and/or their agents shall be valid or enforceable unless embodied in this Agreement.

15. The Contractor agrees to abide by all federal, state and county laws and rules and regulations, pertaining to equal employment opportunity. In accordance with all such laws, the Contractor assures that no person in the United States shall, on the grounds of race, religion, color, national origin, ancestry, sex, age, physical or mental handicap, or serious medical condition, spousal affiliation, sexual orientation or gender identity, be excluded from employment with or participation in, be denied the benefits of, or be otherwise subjected to discrimination under any program or activity performed under this Agreement. If Contractor is found not to be in compliance with these requirements during the life of this Agreement, Contractor agrees to take appropriate steps to correct these deficiencies.

16. The Contractor agrees to comply with state laws and rules applicable to workers compensation benefits for its employees. If the Contractor fails to comply with the Workers Compensation Act and applicable rules when required to do so, this Agreement may be terminated by the County.

17. The Contractor and its agents and employees are independent contractors performing professional services for the County and are not employees of the County of Cibola. The Contractor and its agents and employees shall not accrue leave, retirement, insurance, bonding, use of county vehicles, or any other benefits afforded to employees of the County of Cibola as a result of this Agreement. The Contractor acknowledges that all sums received hereunder are reportable by the Contractor for tax purposes, including without limitation, self-employment and business income tax. The Contractor agrees not to purport to bind the County of Cibola unless the Contractor has express written authority to do so, and then only within the strict limits of that authority.

18. a. Conflict of Interest/Governmental Conduct Act. The Contractor represents and warrants that it presently has no interest and, during the term of this Agreement, shall not acquire any interest, direct or indirect, which would conflict in any manner or degree with the performance or services required under the Agreement.

b. The Contractor further represents and warrants that it has complied with, and, during the term of this Agreement, will continue to comply with, and that this Agreement complies with all applicable provisions of the Governmental Conduct Act, Chapter 10, Article 16 NMSA 1978. Without in anyway limiting the generality of the foregoing, the Contractor specifically represents and warrants that:

i.      in accordance with Section 10-16-4.3 NMSA 1978, the Contractor does not employ, has not employed, and will not employ during the term of this Agreement any County employee while such employee was or is employed by the County and participating directly or indirectly in the County's contracting process;

ii.     this Agreement complies with Section 10-16-7(B) NMSA 1978 because (i) the Contractor is not a public officer or employee of the County; (ii) the Contractor is not a member of the family of a public officer or employee of the County; (iii) the Contractor is not a business in which a public officer or employee or the family of a public officer or employee has a substantial interest; or (iv) if the Contractor is a public officer or employee of the County, a member of the family of a public officer or employee of the County, or a business in which a public officer or employee of the County or the family of a public officer or employee of the County has a substantial interest, public notice was given as required by Section 10-16-7(B) NMSA 1978 and this Agreement was awarded pursuant to a competitive process;

19.    The Procurement Code, Sections 13-1-28 through 13-1-199, NMSA 1978, imposes civil and criminal penalties for its violation. In addition, the New Mexico criminal statutes impose felony penalties for illegal bribes, gratuities and kickbacks.

20.    No federal appropriated funds can be paid or will be paid, by or on behalf of the CONTRACTOR, or any person for influencing or attempting to influence an officer or employee of any County, a Member of Congress, an officer or employee of Congress, or an employee of a Member of Congress in connection with the awarding of any Federal contract, or the making of any Federal grant, the making of any federal loan, the entering into of any cooperative agreement, or modification of any Federal contract, grant, loan, or cooperative agreement. If any funds other than federal appropriated funds have been paid or will be paid to any person influencing or attempting to influence an officer or employee of any County, a Member of Congress, an officer or employee of Congress, or an employee of a Member of Congress in connection of this federal contract, grant, loan, or cooperative agreement, the CONTRACTOR shall complete and submit Standard Form LLL, "Disclosure Form to Report Lobbying," in accordance with its instructions.

21.    All notices sent pursuant to this Agreement shall be given in writing and shall be delivered (a) in person, (b) by certified mail, postage prepaid, return receipt requested, (c) by facsimile, or (d) by commercial overnight courier that guarantees next day delivery and provides a receipt, and such notices shall be addressed as follows:

|  |  |
|---|---|
| **County:** | Tony Boyd, County Manager<br>700 E. Roosevelt Ave. Suite 50<br>Grants, NM 87020 |
| **CCA:** | Scott Irwin<br>General Counsel<br>Corrections Corporation of America<br>10 Burton Hills Boulevard Nashville, TN 37215<br>Fax number: 615-263-3020<br><br>and<br><br>Warden<br>Cibola County Correctional Facility<br>2000 Cibola Loop<br>Milan, New Mexico 87021<br>Fax number: 630-792-5636 |

23. No waiver of any breach of the terms or conditions of this Agreement shall be a waiver of any other or subsequent breach, nor shall any waiver be valid or binding unless the same shall be in writing signed by the party charged.

**BOARD OF COUNTY COMMISSIONERS**

**APPROVED, ADOPTED AND PASSED** on this 26th day of October, 2016.

_____
T. Walter Jaramillo, Chair
Commissioner, District II

_____
Tony Boyd
County Manager

Attest:

_____
Elisa Bro
Cibola County Clerk

**CORRECTIONS CORPORATION OF AMERICA**

By: _____   Date: 10/28/16

**New Mexico Attorney General/Authorized Representative**

Signature: *Tania Maestas*

Title: *Deputy Attorney General*

Date: *Oct. 28, 2016*

**Risk Management Division**
**Dept. of General Services**

Signature: ___[signature]___

Title: _Risk Management Litigation Bureau Chief_

Date: _October 29, 2016_

Dept. of Finance and Administration/Local Government Division

Signature: _Michael Marino_ for Rick Lopez / Director

Title: _Deputy Director_

Date: _10/27/16_