IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DANIEL E. LUJAN.

       Plaintiff,

v.                                         No. 1:25-cv-00527-SMD-JFR

BOARD OF COUNTY COMMISSIONERS
FOR CIBOLA COUNTY, ET AL.,

       Defendants.

**PLAINTIFF'S RESPONSE TO
DEFENDANTS' MOTION TO CONSOLIDATE [DOC. 11]**

Plaintiff, by and through his attorneys of record, hereby submits this Response to Defendants' Motion to Consolidate [Doc. 11]. Plaintiff respectfully requests that this Court reserve ruling on the issue of consolidation until after Plaintiff's Motion to Remand is decided. As grounds therefore, Plaintiff provides:

1. Plaintiff's Motion to Remand (Doc. 14) substantively addresses—and contests—Defendants' characterization of Cibola County Correctional Center ("CCCC") as being "owned and operated by CoreCivic pursuant to a *pass-through* Intergovernmental Agreement ("IGA") between USMS and the County and a Management Agreement between the County and Corrections Corporation of America," which serves as the fundamental basis upon which Defendants removed this action from state court. (Doc. 11, pp. 1-2).

2. Without reciting the issues raised in Plaintiff's Motion to Remand, Plaintiff's position is that this Court should decide the Motion to Remand before considering

consolidation between Plaintiff's action and that of *Montoya v. Bd. Of Cnty. Comm'rs for Cibola Cnty., et al.*, Case No. 1:25-cv-00530-GJF-JMR.[1]

3. "The relationship between consolidation and subject matter jurisdiction has arisen in cases in which defendants improperly removed cases with no basis for federal jurisdiction and then sought to establish jurisdiction by consolidating the removed cases with other federal cases." *See Washington v. Burley*, Civil Action No. 3-12-154, 2012 WL 5289682, at *2 (S.D. Tex. Oct. 23, 2012). The courts "addressed the remand issue first because a court must have jurisdiction over a case before it can start applying procedural mechanisms like consolidation." *Id. See, e.g., Wolfman Constr. V. Porteous, Hainkel & Johnson LLP*, Civil Action No. 12-613, 2012 WL 1664608, at *2 (E.D.La. May 11, 2012) (ordering remand after determining that there was no original subject matter jurisdiction over the case and dismissing the motion to consolidate as moot); *Moe G. Enters., LLC v. Fontana*, Civil Action No. 10-1538, at *2-6 (W.D.Pa. Jan. 12, 2011) (same).

4. Federal Rule of Civil Procedure 42(a) states that a Court *may* order consolidation in multiple actions involving a common question of law or fact are pending before it—but the Rule is discretionary and permissive, not mandatory. Fed. R. Civ. P. 42(a).

5. Defendants' argument that litigation efficiency supports consolidation provides a similar basis for Plaintiff's position that a determination of the Motion to Remand should be reached first: if either this Court, or the Court in *Montoya*, determines that removal was improper, consolidation will be moot.

WHEREFORE, Plaintiff respectfully requests that his Court table the issue of consolidation until after reaching a decision on Plaintiff's Motion to Remand.

---

[1] As an administrative matter, Plaintiffs in both actions are likely to stipulate to consolidation if their respective Courts ultimately determine that their actions belong in federal court as opposed to the state court in which they were originally filed.

Respectfully submitted,

HUFFMAN WALLACE & MONAGLE, LLC

*/s/ Jason Wallace   07/29/2025*
JASON WALLACE
122 Wellesley Dr SE
Albuquerque, NM 87106
(505) 255-6300, (505) 255-6323 Fax

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on July 29, 2025, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Daniel P. Struck, AZ Bar No. 012377
Jacob B. Lee, NM Bar No. 154613
Anne M. Orcutt, AZ Bar No. 029387
STRUCK LOVE ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, AZ 85226
Tel.: (480) 420-1600
Fax: (480) 420-1695
dstruck@strucklove.com
jlee@strucklove.com
aorcutt@strucklove.com

Deborah D. Wells
Debra J. Moulton
KENNEDY, MOULTON & WELLS, P.C.
2201 San Pedro N.E., Bldg. 3, Suite 200
Albuquerque, NM 87110
Tel.: (505) 844-7887
Fax: (505) 844-7123
ddwells@kmwpc.com
dmoulton@kmwpc.com

*Attorneys for Defendants CoreCivic, Inc, CoreCivic, LLC, CoreCivic of Tennessee, LLC, and Board of County Commissioners for Cibola County*

*/s/ Jason Wallace*
Jason Wallace

3

*Attorney for Plaintiff*

Case 1:25-cv-00527-SMD-JFR     Document 16     Filed 07/29/25     Page 4 of 4