## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**DANIEL E. LUJAN,**

**Plaintiff,**

v.

**BOARD OF COUNTY COMMISSIONERS
FOR CIBOLA COUNTY, CORECIVIC, INC.,
CORECIVIC, LLC, AND CORECIVIC OF
TENNESSEE, LLC,**

**Defendants.**

No. 1:25-cv-00527-SMD-JFR

## DEFENDANTS' REPLY IN SUPPORT OF MOTION TO CONSOLIDATE

Defendants CoreCivic, Inc, CoreCivic, LLC, and CoreCivic of Tennessee, LLC (collectively, "CoreCivic Defendants") and the Board of County Commissioners for Cibola County ("County Defendant") ("Defendants") file this Reply in support of Defendants' Motion to Consolidate (Dkt. 11).

## I.    CONSOLIDATION IS APPROPRIATE

### A.    Plaintiff Has Effectively Conceded the Motion to Consolidate.

Plaintiff's Response to Defendants' Motion to Consolidate is telling in what it does not say. Rather than addressing any of Defendants' substantive arguments regarding consolidation, Plaintiff merely asks the Court to delay ruling until after both Courts separately consider the motions to remand in this case and in *Montoya v. Bd. of Cnty. Comm'rs for Cibola Cnty., et al.*, Case No. 1:25-cv-00530-GJF-JMR ("*Montoya*"). The Court should treat this as a concession. *See Mulford v. Altria Grp., Inc.*, 242 F.R.D. 615, 622 n.5 (D.N.M. 2007) ("Simply stating that an argument is not conceded is, in effect, a failure to respond. Failure to respond to an argument is generally deemed an acquiescence.").

Here, Plaintiff has presented no legal theory or argument opposing consolidation. He offers no authority suggesting consolidation would be inappropriate, presents no evidence of prejudice, and raises no concerns about judicial efficiency. Plaintiff has done no more than perfunctorily oppose the motion without giving the Court any reason why the cases should not be consolidated. Thus, Plaintiff failed to substantively respond and conceded Defendants' arguments. Moreover, in his Motion to Remand (Dkt. 14) Plaintiff stated, "Plaintiffs in both actions are likely to stipulate to consolidation" if the actions remain in federal court. (Dkt. 14 at n.1.) The Court has the authority and discretion to grant consolidation now given that each party has been given the opportunity to present their arguments, and there is no benefit to waiting until after addressing Plaintiff's Motion to Remand.

### B. Plaintiff's Out of Circuit Authority Does Not Support Remanding the Case or Delaying a Ruling on Consolidation Here.

Plaintiff's reliance on out of circuit authority is unavailing. Not only are his citations from jurisdictions outside this District, which are not binding on this Court, *see Matter of Gorence*, 810 F. Supp. 1234, 1238 (D.N.M. 1992), but all three involve a determination by the court as to whether to exercise supplemental jurisdiction, which is not relevant here.

In *Washington v. Burley*, No. 3-12-154, 2021 WL 5289682, at *2 (S.D. Tex. Oct. 23, 2012), the plaintiff filed separate lawsuits arising from the same incident, one in state court ("*Washington I*") and the other filed a day later in federal court ("*Washington II*"). After defendants removed the state case based on an amendment that added a federal claim, the plaintiff dismissed the federal claim two days later and sought to remand the case, while defendants moved to consolidate. *Id.* The *Washington* court distinguished the case from other cases in which the "defendants improperly removed cases with no basis for federal jurisdiction and then sought to establish jurisdiction by consolidating the removed cases with other federal cases," noting that there was subject matter jurisdiction in *Washington I* at the time of removal. *Id.* The Washington court went on to apply the four statutory factors from 28 U.S.C. § 1367(c) as well as the common law factors the Supreme

Court discussed in *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350, 353, 357 (1988).[1] *Id.* at *3–5. Ultimately, the *Washington* court concluded that "fairness, convenience, and judicial economy concerns, combined with the issue of forum manipulation, convince[] the Court that the best course of action is to retain jurisdiction over *Washington I* and allow Washington to pursue his two related lawsuits in a single forum." *Id.* at *5. However, in light of the Supreme Court's recent holding in *Royal Canin*, the decision to retain jurisdiction over *Washington I* appears to no longer be good law.

The two other out-of-circuit cases Plaintiff cites are also distinguishable. In *Wolfman Constr. v. Porteous, Hainkel & Johnson LLP*, No. 12-613, 2012 WL 1664608, at *1 (E.D. La. May 11, 2012), the defendants' notice of removal did not allege original jurisdiction but instead alleged only supplemental jurisdiction pursuant to 28 U.S.C. § 1367. In their notice of removal, the defendants argued that plaintiff's state law claims (breach of an alleged verbal contract by the defendant law firm to pay expert witness fees to the plaintiff) were "so related" to another action over which the federal court already had jurisdiction (in which the plaintiff was serving as an expert witness, and due to an expert witness fee dispute, the law firm's client was unable to take his deposition) that the court should exercise supplemental jurisdiction. 2012 WL 1664608, at *1. The plaintiff countered that his claim for expert fees did not form a part of the same case or controversy as the federal case. *Id.* The *Wolfman* court granted the remand, noting that the Supreme Court and Fifth Circuit have expressly rejected removal based on supplemental jurisdiction, and denied the motion to consolidate the two cases as moot. *Id.* at 2–3.

/ / /

---

[1] In *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 40–41 (2025), the Supreme Court examined *Cohill*, noting first that it was decided prior to the enactment of 28 U.S.C. § 1367 and then distinguishing its suggestion that the district court had authority to decide the case despite the dismissal of the federal claims as dictum. The *Royal Canin* court held that deletion of all federal claims deprived the district court of federal question jurisdiction, which dissolved the court's supplemental jurisdiction over the remaining state law claims, requiring remand. *Id.* at 44.

In *Moe G. Enters., LLC v. Fontana*, No. 10-1538, 2011 WL 98553, at *1 (W.D. Penn. Jan. 12, 2011),[2] the plaintiff filed a civil action stating only state law claims against multiple defendants; the Bar 17 defendants filed a counterclaim alleging a federal claim for an alleged violation of the Computer Fraud and Abuse Act ("CFAA"), then removed the action. The notice of removal expressly stated that there was a lack of diversity and acknowledged the complaint lacked any federal claims but sought removal based on the counterclaim alleging a federal claim. 2011 WL 98553, at *1. In response to the plaintiff's motion to remand, the Bar 17 defendants argued that the court had supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) because it allegedly arose from the same nucleus of facts as another federal action newly filed by the Bar 17 defendants involving a CFAA claim, *Gabriel Fontana and Bar 1713, LLC v. William P. Corry*, and filed a motion to consolidate the case with the newly filed federal action.[3] *Id.* The court in *Moe G.* granted the motion to remand, citing clear Supreme Court precedent holding that "federal jurisdiction is determined without any reference to federal claims raised in counterclaims." *Id.* at *4, 6. The court also explained that while 28 U.S.C. § 1367(a) allows federal courts discretion to exercise supplemental jurisdiction over state law claims that are so related to the claims over which the federal court has original jurisdiction, "those state law *claims* must be contained *in the same action* as the federal claim." *Id.* at *4 (emphasis in original). The *Moe G.* court further noted that the removal was untimely and denied the motion to consolidate as moot. *Id.* at * 5–6.

Thus, in both *Wolfman* and *Moe G.*, the defendants conceded that the respective federal courts lacked subject matter jurisdiction but instead argued that the courts should exercise supplemental jurisdiction based on federal claims in allegedly "related" lawsuits, which the Supreme Court has expressly rejected as a valid basis for removal. As a result, the courts ruled on

---

[2] Plaintiff did not include a citation to a reporter in his Motion, but Defendants believe that this is the correct citation for the case to which Plaintiff refers.

[3] The Bar 17 defendants purportedly filed the other CFAA action on the same date as their opposition to the motion to remand, but the docket reflects that it was not actually filed until two days later. 2011 WL 98553 at *1 n.5.

the motions to remand and denied the motions to consolidate as moot. In *Moe G.*, the timing of the Bar 17 defendants filing a separate federal action made it clear that they did so in an attempt to consolidate the cases to circumvent the deficiencies with their removal of the original action.

Here, by contrast, Defendants' Notice of Removal establishes subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1442(a)(1), which is a valid basis for removal.[4] And Defendants' Motion to Consolidate this action with *Montoya*, which was filed well before Plaintiff's Motion to Remand, was intended to promote judicial efficiency and avoid the duplicative cost of separately litigating two identical cases, which is consistent with both Federal Rules of Civil Procedure 42 and 1 ("[These rules] should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.").

### C.    Ruling On Consolidation Before Remand Conserves Judicial Resources and Avoids Potentially Inconsistent Rulings on Identical Legal and Factual Issues.

Plaintiff has not cited, and Defendants have been unable to locate, a District of New Mexico or Tenth Circuit case with an identical posture as the instant case and *Montoya*, in which the two cases are identical and arise out of the same operative set of facts and law, the defendants have alleged a valid basis for removal, and there are motions to remand pending in both cases. However, there are several cases from this District examining motions to remand and motions to consolidate that are instructive in their reasoning with respect to conserving judicial resources and avoiding

---

[4] As set forth more fully in Defendants' Notice of Removal (Dkt. 1) and Defendants' Response to Plaintiff's Motion to Remand (Dkt. 16), Defendants have demonstrated that they meet all required elements for federal officer removal. *See Bd. of Cnty. Commissioners of Boulder Cnty. v. Suncor Energy (U.S.A.) Inc.*, 25 F.4th 1238, 1250–51 (D.N.M. 10th Cir. 2002) ("[P]rivate defendants may remove under § 1442(a)(1) if they can show (1) they acted under the direction of a federal officer, (2) the claim has a connection or association with government-directed conduct, and (3) they have a colorable federal defense to the claim or claims."); *Watson v. Philip Morris Companies, Inc.*, 551 U.S. 142, 152 (2007) (finding that a private person or corporation is "acting under" the direction of a federal officer where their actions "involve an effort to assist, or to help carry out, the duties or tasks of the federal superior" or "performed a job that . . . the Government itself would have had to perform").

the potential for inconsistent rulings.

In *Progressive Direct Insurance Co. v. Gerken*, No. 19-864-KG-LF, 2019 WL 6255117, at *1 (D.N.M. Nov. 22, 2019), a third-party defendant (Miles) removed the case to federal court, along with another action filed against him by the same plaintiff in state court, *Gerken v. Miles*, No. 19-860-WJ/SCY, in which the plaintiff had amended her complaint to name him as a defendant, alleging identical claims against him in both cases arising out of the road rage incident. In *Gerken v. Miles*, Miles filed a motion to consolidate the two cases; the plaintiff filed a motion to remand in *Progressive v. Gerken* on the basis that a third-party defendant, such as Miles, is not entitled to remove an action; and Miles asked the *Progressive v. Gerken* court to wait to decide the motion to remand until after the *Gerken v. Miles* court (in which there was no pending motion to remand) decided the motion to consolidate. 2019 WL 6255117, at *1–2. In declining to wait to rule on the motion to remand, Judge Gonzales noted that as the removing party, Miles "had the burden of demonstrating that the requirements for exercising jurisdiction are met," yet Miles conceded a third-party defendant cannot remove an action. *Id.* Judge Gonzales further noted that "removal jurisdiction is determined at the time of removal and cannot be remedied by later action, such as consolidation." *Id.* at *2. Finally, Judge Gonzales also emphasized, "***there is no motion to remand pending in the Gerken v. Miles action so the Court does not run the risk of potentially inconsistent rulings if it decides the jurisdictional issue prior to consolidation.***" *Id.* (emphasis added).

In reaching the decision not to defer ruling on the motion to remand in *Progressive v. Gerken*, Judge Gonzales cited *Randolph v. Frosee*, No. 10-2445-JAR-JPO, 2010 WL 3943635 (D. Kan. Oct. 7, 2010). In *Randolph*, the court also declined to defer ruling on a motion to remand pending resolution of a motion to consolidate that case with two other related cases—"*Bennett*," which involved federal claims over which the federal court unquestionably had jurisdiction, and "*Murphy*," which involved only state law claims but was stayed by the parties pending resolution

of a motion to dismiss in *Bennett* and had no motion to remand pending. 2010 WL 3943635, at *1–2. The *Randolph* court stated, "the Court does not find that deciding consolidation first is in the interest of judicial economy. ***There is no motion to remand pending in the Murphy action, so it does not appear that the Court runs the risk of potentially inconsistent rulings if it decides the jurisdictional issue prior to consolidation.***" *Id.* at *2 (emphasis added).

In *Perino v. Slaughter*, No. 07-144 LH/WDS, 2009 WL 10700219, at *1 (D.N.M. Jan. 27, 2009), the Court rejected the plaintiff's request to stay ruling on a motion to consolidate until after ruling on a motion to remand. In *Perino*, separate actions arose from the same search warrant incident. 2009 WL 10700219, at *1. Four plaintiffs filed federal claims under § 1983 and state tort law claims; a year later, one of the plaintiffs filed a second lawsuit in state court against the same defendant arising out of the same incident, then later added federal claims, which triggered removal. *Id.* When that plaintiff sought remand after dismissing her federal claims in the second lawsuit, the defendant moved to consolidate. *Id.* As here, the plaintiff opposed consolidation but "failed to specifically address the merits of the motion, instead stating that it would be premature to consider consolidation until the court ruled on the motion to remand." *Id.* The *Perino* court rejected that delay tactic, noting the plaintiff "gave no reasons why she could not adequately respond to the motion to consolidate before the Court ruled on her motion to remand." *Id.* at *2. Instead, the *Perino* court granted immediate consolidation, emphasizing that it would "avoid the possibility of conflicting results, promote judicial economy, and conserve limited judicial resources." *Id.*[5]

Here, the judicial burden of addressing remand before consolidation and the risk of inconsistent rulings weigh in favor of resolving consolidation first. If this Court and the *Montoya* Court follow Plaintiff's suggestion to rule on remand first, two separate Courts will have to research the applicable law, potentially hear oral argument, and prepare written decisions

---

[5] The court also issued a separate opinion on the motion to remand. 2009 WL 10700219, at *1.

addressing identical legal and factual issues. In addition to unnecessarily consuming judicial resources, having two Courts separately consider identical motions based on identical facts also risks potentially inconsistent rulings[6] There are several possible scenarios that create unnecessary judicial burdens. If either Court grants remand, Defendants will appeal the decision pursuant to 28 U.S.C. § 1447(d) ("An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443 of this title shall be reviewable by appeal or otherwise."). If both cases are remanded, this would create parallel appellate proceedings with the renewed risk of inconsistent rulings on identical legal issues. The appellate court panels must then research and decide the same questions, duplicating judicial resources at a higher level. If the subsequent appeals reach different conclusions, the complexity only intensifies.

If one Court grants remand while another denies it, the problems multiply. The case remaining in federal court will proceed while the remanded case follows a different track in state court. This creates parallel discovery involving the same witnesses, documents, and facts. The Courts could issue conflicting scheduling orders. Motions practice will be duplicated on identical issues with the risk of inconsistent factual findings and legal rulings. The risk of multiple courts at multiple levels addressing the same underlying facts and legal theories is not only present but apparently an aspect of Plaintiff's legal strategy.

Consolidation eliminates these burdens with a single order. As the *Perino* court recognized, consolidation promotes "judicial economy" and "conserve[s] limited judicial resources" by ensuring that one court addresses all issues arising from the same transaction. *Id.* Here, both cases arise from the two Plaintiffs' detention in the same cell at the Cibola County Correctional Center,

---

[6] Plaintiff's counsel recognized this potential, informing undersigned counsel that he was not concerned with the possibility of receiving inconsistent rulings on his Motions in the two cases, as receiving two different results "simply indicates that my theory has some traction." (Ex. 1: July 11, 2025 Email from J. Wallace to A. Orcutt.) The Court should not entertain that sort of procedural gamesmanship.

involve identical defendants and facts, and present common questions of law and fact.

If consolidation is granted first, only one Court need research and rule on the remand issue. If that Court ultimately grants remand, a single appeal follows. If remand is denied, the consolidated cases proceed efficiently. Either way, judicial resources are conserved, and the risk of conflicting rulings is eliminated.

Plaintiff's suggestion that consolidation becomes "moot" if remand is granted (Dkt. 14 at 2) is not accurate. Whether in federal or state court, these cases will require consolidation to avoid the inefficiencies and potential conflicts that arise from parallel litigation of the same incident. The question is whether consolidation occurs efficiently now or Defendants have to renew their request in state court pursuant to NMRA Rule 1-042(A)—after two federal Courts are forced to expend duplicative resources resolving the remand.

Like counsel for plaintiff in *Perino* who "could have amended [her] complaint to address all parties and claims arising of the same incident," counsel for Plaintiffs here could have filed a single comprehensive lawsuit—or amended to do so as requested by Defendants. Having chosen instead to maintain fragmented and duplicative litigation, the two Plaintiffs should not be permitted to impose the resulting administrative burden on multiple courts. Additionally, Plaintiff's counsel should not be permitted to hedge his bets by having two different Courts consider his Motion to Remand in the hope that at least one Court will agree with him.

## II.    CONCLUSION

For the foregoing reasons, Defendants respectfully request the consolidation of this case with Case No. 1:25-cv-00530-GJF-JMR.

/ / /

/ / /

/ / /

/ / /

Dated:  August 12, 2025

*/s/ Anne M. Orcutt*
Daniel P. Struck, AZ Bar No. 012377
Jacob B. Lee, NM Bar No. 154613
Anne M. Orcutt, AZ Bar No. 029387
STRUCK LOVE ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, AZ 85226
Tel.: (480) 420-1600
Fax: (480) 420-1695
dstruck@strucklove.com
jlee@strucklove.com
aorcutt@strucklove.com

Deborah D. Wells
Debra J. Moulton
KENNEDY, MOULTON & WELLS, P.C.
2201 San Pedro N.E., Bldg. 3, Suite 200
Albuquerque, NM  87110
Tel.: (505) 844-7887
Fax: (505) 844-7123
ddwells@kmwpc.com
dmoulton@kmwpc.com

*Attorneys for Defendants CoreCivic, Inc, CoreCivic,*
*LLC, and CoreCivic of Tennessee, LLC, and Board*
*of County Commissioners for Cibola County*

## CERTIFICATE OF SERVICE

I hereby certify that on August 12, 2025, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Jason Wallace
HUFFMAN WALLACE & MONAGLE, LLC
122 Wellesley Dr. SE
Albuquerque, NM 87106
Tel: 505-255-6300
jason@hwm.law

*Attorney for Plaintiff*

*/s/ Kim Penny*